IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

GREGORY T. GREENWOOD                                                    PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 2:09cv94-KS-MTP

JOHNNIE DENMARK, ET AL.                                               DEFENDANTS

**OMNIBUS ORDER**

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on October 6, 2009. The Plaintiff appeared *pro se* and the Defendants were represented by attorneys Pelicia Hall and Charles Irvin. The Court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing; a scheduling/case management hearing; and a discovery conference. The Court's purpose in conducting the hearing is to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the Court does hereby find and order as follows:

**1. JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Plaintiff is currently incarcerated at South Mississippi Correctional Institution (SMCI) in Leakesville, Mississippi, having been convicted of a felony. Plaintiff's claims were clarified by his sworn testimony during the *Spears* hearing.[2]

Plaintiff alleges that on April 22, 2009, he was assaulted by Defendants Joshua Csaszar,

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] *See Hurns v. Parker*, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

1

Paul Sharp and Joe Errington, officers at SMCI, and that Defendant Ronald King, the Superintendent of SMCI, encouraged the attack. Specifically, Plaintiff claims that he was in his cell "not doing anything" when the door suddenly opened and Officers Csaszar, Sharp and Errington entered in full riot gear. Plaintiff claims that they began attacking him, hitting him in his head, shoulders, ribs and face. Plaintiff claims that Defendant Errington told him to get up but he could not, and Defendant King, who was standing in the doorway, urged them to continue the assault. Plaintiff claims that he suffered contusions all over his body and a swollen face, and that he had to get 16 stitches in his lip. Plaintiff also claims that his two front teeth were loose as a result of the assault. After the assault, Plaintiff was returned to Unit 8[3] (apparently part of SMCI's maximum security unit) - where, according to Plaintiff, he resides in a cell behind a steel door in uncomfortable and unsanitary conditions.[4]

Plaintiff alleges that the assault was perpetrated in retaliation for Plaintiff's filing of an Administrative Remedy Program (ARP) grievance on March 13, 2009 to challenge his placement in long-term segregation.[5] He claims that ever since he filed that ARP, he has been harassed and abused at SMCI, and that he fears for his safety. Plaintiff alleges that the day after the assault,

---

[3] According to Plaintiff, he had been housed in Unit 8 at some point in the past, but was no longer there immediately prior to the alleged assault.

[4] For example, Plaintiff alleges that there is not heat or air conditioning; that the unit is infested with spiders, mice and roaches; and that the shower area is unsanitary.

[5] Prior to the assault, Plaintiff claimed that he had a conversation with Mr. King regarding his long-term segregation status in which he asked him if he would make a recommendation that he be re-classified, and Mr. King said no. Plaintiff then filed his ARP. He claims he received his Second Step response from Mr. King on April 14, 2009, and on April 17, Plaintiff was the only inmate whose cell was subjected to a "shakedown." During the shakedown, Plaintiff claims that various items were confiscated, and he received a Rule Violation Report for having a cigarette lighter, razor blades and a piece of metal. Plaintiff admitted that he had a lighter and razor blades, but denied that the metal belonged to him.

2

the same officers came by his cell and threatened to "do it to him again." He claims that on May 5, they again returned to his cell and yelled at him and threatened him. On May 11, 2009, Plaintiff claims that he was placed back on Security Threat Group "leadership status." Plaintiff alleges that he filed another ARP on June 14, 2009, and thereafter, on June 19, 2009, Defendants came to his cell and "tore it up," and Defendant Csaszar pulled his arms through the tray slot in his cell door and said "I should have broken your arms." Plaintiff seeks to be transferred from SMCI, as well as other forms of injunctive relief.[6]

Plaintiff also asserts a claim against David Petrie, the Legal Claims Adjudicator for the MDOC's Administrative Remedy Program, for denial of access to the courts. Plaintiff alleges that Petrie has "imped[ed] [his] attempts at exhausting [his] administrative remedies" by "ignoring, destroying and/or purposely disregarding properly filed grievances, with the specific intentions of violating First Amendment constitutional rights and preventing certain claims concerning conditions of confinement from being adjudicated by the courts." *See* [20] at 7-8. [7] Specifically, Plaintiff claims that on November 13, 2007, he filed a lawsuit in Greene County Circuit Court challenging the conditions of confinement at SMCI, and on February 12, 2008, the court ordered that the matter be held in abeyance for ninety days so that Plaintiff could complete the ARP process. Thereafter, on July 8, 2008, the court, having received response from the Plaintiff that MDOC had not processed his ARP grievance, ordered that the MDOC file a response regarding the status of the ARP grievance. In connection with the MDOC's response,

---

[6] Plaintiff currently has three motions pending for injunctive relief: [3] Motion for Preliminary Injunction; [7] Motion for Temporary Restraining Order; and [9] Supplemental Motion for Temporary Restraining Order. These motions will be the subject of a forthcoming Report and Recommendation.

[7] Plaintiff's Motion to Amend Complaint [19] to add Mr. Petrie as a defendant was granted by Order [42] dated October 8, 2009.

Mr. Petrie submitted an affidavit stating that Petitioner had filed a grievance regarding his classification, but that he determined it would not be handled as a sensitive issue, and Plaintiff did not re-file his complaint as directed. Accordingly, the court dismissed Plaintiff's case for failure to exhaust on September 4, 2008. Plaintiff claims that Mr. Petrie's affidavit was fraudulent - specifically, that Mr. Petrie purposely failed to mention an ARP that Plaintiff filed prior to the lawsuit. Plaintiff also claims that Mr. Petrie deliberately excluded all ARP grievances filed after the February 12, 2008 Order. At the *Spears* hearing, Plaintiff averred that he submitted numerous ARP grievances on the issues in the Greene County lawsuit, but that Petrie did not process them.

## 2. **DISCOVERY ISSUES AND PENDING MOTIONS**

At the *Spears* hearing, Defendants produced the following documents to Plaintiff: a copy of Plaintiff's medical records; a copy of Plaintiff's ARP records; and a copy of any incident reports relating to the April 22, 2009 incident. Defendants shall produce to Plaintiff within thirty (30) days any MDOC policies regarding excessive force, protection from harm, and Security Threat Group classification.

There are no other discovery matters pending at this time, except for those set forth herein. The discovery matters set forth herein will fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Fed. R. Civ. P. 26(b)(1). Thus, the parties shall not propound additional discovery requests unless leave of Court is requested and obtained.

Plaintiff's *ore tenus* motion to dismiss "Unknown Area II Tower Officer" is granted. This defendant shall be dismissed with prejudice from this lawsuit.

Plaintiff's Motion for Jury Trial [35] is granted. Defendants did not oppose this motion.

4

If and when this matter proceeds to trial, Plaintiff shall receive a trial by jury.

### 3. **MOTIONS DEADLINE AND TRIAL**

The deadline for the filing of motions (other than motions *in limine*) is January 15, 2010. Upon expiration of the motions deadline and a ruling on any such motions, the court will set the matter for trial as appropriate.

IT IS, THEREFORE ORDERED:

1. Defendants shall produce to Plaintiff within thirty (30) days any MDOC policies regarding excessive force, protection from harm, and Security Threat Group classification.

2. Plaintiff's *ore tenus* motion to dismiss "Unknown Area II Tower Officer" is granted. This defendant shall be dismissed with prejudice from this lawsuit.

3. Plaintiff's Motion for Jury Trial [35] is granted. If and when this matter proceeds to trial, Plaintiff shall receive a trial by jury.

4. The deadline for the filing of motions (other than motions *in limine*) is January 15, 2010.

5. This order may be amended only by a showing of good cause.

6. Plaintiff's failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and may be grounds for dismissal without notice to the plaintiff.

SO ORDERED on this the 8th day of October, 2009.

                                            s/ Michael T. Parker
                                            United States Magistrate Judge