**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**GREGORY T. GREENWOOD**                                                     **PLAINTIFF**

**VS.**                                                     **CIVIL ACTION NO. 2:09cv094-KS-MTP**

**RONALD KING, et al.**                                                  **DEFENDANT**

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

This cause is before the Court on the Plaintiff's Motion for Partial Summary Judgement. [66].

## I. PROCEDURAL HISTORY

Plaintiff Gregory T. Greenwood, proceeding *pro se* and *in forma pauperis*, filed this lawsuit on May 15, 2009 under 42 U.S.C. § 1983. In his complaint and other pleadings, and as clarified in his sworn testimony at an omnibus hearing held on October 6, 2009 pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985),[2] Plaintiff makes a number of claims against Defendants Joshua Csaszar, Paul Sharp, Joe Errington and Ronald King relating to alleged harassment and assaults at South Mississippi Correctional Institution (SMCI), where he is incarcerated. Pertinent to the instant motion, Plaintiff also asserts a claim against David Petrie, the Legal Claims Adjudicator for the Mississippi Department of Corrections' (MDOC) Administrative Remedy Program (ARP), for denial of access to the courts. Plaintiff alleges that Petrie has "imped[ed] [his] attempts at exhausting [his] administrative remedies" by "ignoring, destroying and/or purposely disregarding properly filed grievances, with the specific intentions of violating First Amendment constitutional rights and preventing certain claims concerning conditions of confinement from being adjudicated by the courts." *See* [20] at 7-8.

Specifically, on September 1, 2007, several days after being transferred to SMCI, Plaintiff appealed the decision of the MDOC's Classification Committee recommending that his status be changed from STG Core Member to STG Group Leader through the MDOC's Inmate Legal Assistance Program (ILAP). He claims that after receiving no response to his grievance, on September 23, 2007 he wrote to the MDOC Deputy Commissioner Emmitt Sparkman through ILAP. Plaintiff claims he received no response to this letter either. Plaintiff then wrote to MDOC Commissioner Christopher Epps[3] through ILAP on October 7, 2007 and initiated a "Request for Administrative Remedy on a sensitive issue." Plaintiff claims that this grievance went unanswered as well.[4] *See* [67-1] at 20-31; *see also* Memorandum [67] in Support of Motion at 2.

On November 13, 2007, Plaintiff commenced an action in Greene County Circuit Court challenging his confinement in administrative segregation at SMCI as a Security Threat Group (STG) Core Member/Leader. *See* Exh. [67-1] at 2-8. On February 12, 2008, the court ordered that the matter be held in abeyance for ninety days so that Plaintiff could complete the ARP process. *See* [67-1] at 68. Plaintiff filed a Request for Administrative Remedy on February 18, 2008, in which he requested review of his most recent STG evaluation as a "sensitive issue."[5] On April 9, 2008, Mr. Petrie sent Plaintiff a letter informing him that he did not find the matter to meet the criteria for sensitive treatment and was therefore returning it to Plaintiff for submission as a regular ARP. Plaintiff was informed that he had five days to submit his grievance through "regular channels."[6] *See* [67-1] at 99-103. Plaintiff apparently did not re-submit his grievance as directed.

Thereafter, on July 8, 2008, the court, having been informed by Plaintiff that the MDOC had not processed his ARP grievance, ordered that the MDOC file a response regarding the

status of Plaintiff's grievance. *See* [67-1] at 89. On July 29, 2008, the State filed a Report to the Court attaching an affidavit from Mr. Petrie in which he averred that Plaintiff had filed a "sensitive issue" grievance through the ARP regarding his classification, but that it was determined that it would not be handled as a "sensitive issue grievance." Mr. Petrie stated that Plaintiff did not refile his complaint as directed. *See* [67-1] at 91-92.

Plaintiff claims that Mr. Petrie's affidavit was fraudulent - specifically, that Mr. Petrie purposely failed to mention the ARP that Plaintiff had filed prior to the lawsuit (in September 2007). Plaintiff also claims that Mr. Petrie deliberately excluded all ARP grievances filed after the February 12, 2008 Order.[7] *See* Memorandum [67] at 3. These arguments were made by Plaintiff in a August 19, 2008 letter responding to the State's Report to the Court. *See* [67-1] at 109-12. Nevertheless, in an Order filed September 9, 2008, the court found that based upon the Report received from the State, Plaintiff's case should be dismissed for failure to exhaust administrative remedies. *See* [67-1] at 113.

In the instant motion, Plaintiff moves for summary judgment on his claim against Mr. Petrie for denial of access to the courts. Defendants have not responded to the motion.

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). *See also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made."). Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is

not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III. PETITIONER'S OBJECTION AND ANALYSIS

Plaintiff claims that Judge Parker was incorrect in dismissing the claims under 28 U.S.C. § 1915(e)(2). As stated in the Report and Recommendation, 28 U.S.C. § 1915(e)(2) tasks the Court with dismissing a claim "at any time" if the court determines that the action "fails to state a claim on which relief may be granted". *Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990) (recognizing the court's authority "to test the proceeding" and deeming appropriate *sua sponte* evaluation of the merit of the asserted claim). The Plaintiff's case was dismissed from the Green County Circuit Court due to the Plaintiff's failure to exhaust his administrative remedies. *See* [67-1] at 113. That court based its dismissal on the following facts. On April 9, 2008, Petrie sent a letter to the Plaintiff stating that his Request for Administrative Remedy did not meet the criteria for evaluation as a "sensitive issue," and Petrie also informed the Plaintiff that he had five days to file a grievance through the regular grievance process. *See* [67-1] at 89. Plaintiff did not file a normal grievance within the five day period as provided for in Petrie's letter of April 9th. Given that the Plaintiff did not file a normal grievance at this time, as instructed, the Plaintiff effectively defeated his own claim by failing to properly exhaust the administrative remedy made available to him in Petrie's letter.

## IV. Conclusion

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objection. For the reasons set forth above, this Court concludes that White's objection lacks merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves, and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that the Defendants' Motions to Dismiss are hereby **granted**.

SO ORDERED AND ADJUDGED on this, the 20th day of July, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE