IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**GREGORY GREENWOOD**                                                  **PLAINTIFF**

**v.**                                      **CIVIL ACTION NO.: 2:09-CV-94-KS-MTP**

**RON KING, ET AL.**                                                 **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This case involves an inmate's Section 1983 claim for use of excessive force. For the reasons stated below, the Court denies Plaintiff's Motion for Judgment Notwithstanding the Verdict or New Trial [109].

On March 10, 2011, the Court held a trial in this matter. Following the conclusion of Plaintiff's case-in-chief, the Court granted Defendant Ronald King's Motion for Directed Verdict and later entered a Final Judgment [107] consistent with that ruling. After the parties presented their evidence, the jury returned a unanimous verdict in favor of Defendants Joe Errington, Paul Sharpe, and Joshua Csaszar. Accordingly, the Court also entered a Final Judgment [108] consistent with the jury's verdict. On March 24, 2011, Plaintiff filed his Motion for Judgment Notwithstanding the Verdict or New Trial [109]. Therein, Plaintiff presents four arguments, which the Court now addresses.

**A.**    *The Jury's Verdict Was Not Against the Overwhelming Weight of the Evidence*

First, Plaintiff argues that the jury's verdict was against the overwhelming weight of the evidence. Specifically, Plaintiff contends that there was no justification for

1

Defendants utilization of riot gear and multiple strikes with closed fists during the shakedown of April 22, 2009. When reviewing a motion for judgment notwithstanding the verdict, the Court "must review the evidence in the light and with all reasonable inferences most favorable to the party opposing the directed verdict or judgment notwithstanding the verdict." *Roberts v. United N. M. Bank*, 14 F.3d 1076, 1078 (5th Cir. 1994) (quoting *Fruge v. Penrod Drilling Co.*, 918 F.2d 1163, 1165-66 (5th Cir. 1990)). The Court must uphold the jury's verdict:

> . . . unless the facts and inferences point so strongly and so overwhelmingly in favor of one party that reasonable [persons] could not arrive at any verdict to the contrary. If there is evidence of such quality and weight that reasonable and fair[-]minded [persons] in the exercise of impartial judgment might reach different conclusions, the jury functions must not be invaded.

*Id.* (quoting *W. Co. of N. Am. v. United States*, 699 F.2d 264, 276 (5th Cir. 1983)) (first and third alterations original).

"To prevail on an excessive force claim, a plaintiff must show: (1) an injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005) (citing *Harper v. Harris Cnty.*, 21 F.3d 597, 600 (5th Cir. 1994)). Defendants testified that they had received reports that Plaintiff had a firearm in his cell. Indeed, they testified that the purpose of the shakedown was to secure the weapon. In light of this testimony, the Court finds that reasonable and fair-minded persons could reach different

conclusions regarding the reasonableness of Defendants' actions. Therefore, the Court rejects this argument as a basis for granting judgment notwithstanding the verdict or a new trial.

B.  *Plaintiff Was Not Prejudiced by the Court's Denial of His Motion for a Writ of Habeas Corpus Ad Testificandum*

Next, Plaintiff argues that he was prejudiced by the Court's denial [94] of his Motion for a Writ of Habeas Corpus Ad Testificandum [93] for A. D. Mills, Jr., a fellow inmate whom Plaintiff expected to testify that Defendants' "state of mind was . . . malicious and sadistic as demonstrated by the actions and words of the Defendants." A plaintiff has the duty of demonstrating the necessity of a proposed witness's testimony. *United States v. Redd*, 355 F.3d 866, 878 (5th Cir. 2003) (quoting *United States v. Gonzalez*, 79 F.3d 413, 424 (5th Cir. 1996)). The "decision to issue [a writ of habeas corpus ad testificandum] rests within the discretion of the district court." *Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977); *see also United States v. Leon*, 679 F.2d 534, 539 (5th Cir. 1982).

Ordinarily, the Court does "not permit witnesses to speculate about a 'defendant's state of mind or intent' . . . because intent is one of the ultimate issues for the jury." *United States v. Jackson*, 549 F.3d 963, 974 (5th Cir. 2008) (quoting *United States v. Chavis*, 772 F.2d 100, 107 (5th Cir. 1985)). Therefore, Mills' testimony was irrelevant to the extent that it concerned speculation about Defendants' motives or intentions.

Plaintiff recorded in his proposed witness list that he wanted to offer Mills' testimony for the purpose of showing that Defendants' "threats, harassment, and assaultive actions toward [him] were not isolated incidents." Likewise, at the final pretrial conference held on February 16, 2011, Plaintiff represented to the Court that Mills would testify as to statements made by Defendants Csaszar and Sharpe on April 23, 2009 – the day after the shakedown at issue in this case. According to Plaintiff, the purpose of Mills' testimony was to show that Defendants' actions were in retaliation for Plaintiff's filing of grievances. The Court was, and remains of the opinion that the proposed testimony was largely irrelevant to the issue for trial: Plaintiffs' excessive force claim stemming from the shakedown of April 22, 2009. Furthermore, to the degree that the statements were relevant, Plaintiff was present when they were allegedly made, and he could have presented the same testimony. Therefore, the Court rejects this argument as a basis for a new trial.

To the extent Plaintiff requests judgment notwithstanding the verdict based on this issue, the Court denies it. Testimony that was not presented at trial can not create grounds for the Court to conclude that no reasonable jury could have found in favor of Defendants.

C.     *The Court Properly Dismissed Defendant Ronald King*

Plaintiff also argues that the Court should not have dismissed his claim against Defendant Ronald King. Supervisors may not be held liable under Section 1983 unless (1) they affirmatively participate in acts that cause constitutional deprivation, or (2) implement

4

unconstitutional policies that causally result in plaintiff's injury. *Baker v. Putnal*, 75 F.3d 190, 199 (5th Cir. 1996). Respondeat superior does not apply in Section 1983 actions. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). At the close of Plaintiff's case-in-chief, he had not provided any evidence that Defendant Ronald King affirmatively participated in the shakedown at issue in this case. Likewise, Plaintiff did not present any evidence that Defendant King had implemented an unconstitutional policy which resulted in the shakedown. Therefore, the Court's dismissal of King was proper.

D.     *The Jury's Verdict Was Unanimous*

After the jury initially indicated to the Court that they had reached a verdict, the Court recalled them to the courtroom, and the clerk read the initial verdict forms, which indicated that the jury had reached unanimous verdicts in favor of Defendants. After the verdict forms had been read, the Court polled the jury – as it customarily does – asking them to each raise their hand if the verdicts recorded on the forms were, in fact, their verdicts. One of the jurors did not raise her hand. The Court repeated the question, and the juror tentatively raised her hand. Observing the juror's hesitation, the Court asked her if the verdict forms reflected her verdicts. She replied that they did not. Therefore, the Court instructed the jury that they were required to reach a unanimous verdict and sent them back to the jury room with a fresh set of verdict forms to deliberate.

They eventually sent a question to the Court, asking why Plaintiff was not

represented by counsel. The Court recalled the jury to the courtroom and instructed them that it did not know the answer to their question, but that it was irrelevant to their decision. The Court then sent the jury back to continue deliberating. They eventually signaled to the Court that they had reached a verdict, and the Court recalled them to the courtroom. The second set of verdict forms indicated verdicts in favor of Defendants. The Court again polled the jury, and each member of the jury raised his or her hand without hesitation, acknowledging that the verdicts accurately reflected their decision.

Plaintiff argues that the events cited above rendered the proceeding inherently unreliable. He contends that the second, unanimous verdict could only be the result of the holdout juror's reluctance to stand against the remaining jurors. Therefore, Plaintiff contends that a mistrial should have been granted. However, Plaintiff has not offered any evidence whatsoever that the jury's second verdict was not unanimous. Likewise, he has not offered any evidence of juror misconduct, external pressure on the juror in question, or that the second verdict did not accurately reflect her vote. "In evaluating a claim of juror misconduct, the law presumes that the jury is impartial and burden rests on the [party seeking a new trial] to show otherwise." *Greer v. Thaler*, 380 F. App'x 373, 382 (5th Cir. 2010). Plaintiff has presented no such evidence.

In the present case, there was sufficient evidence to support the jury's verdict. That being the case, the Court will not attempt to speculate as to why the jurors voted as they

did or their feelings concerning the case. *United States v. Pankhurst*, 118 F.3d 345, 352 (5th Cir. 1997) (where criminal defendant complained of a "lack of integrity" among the jury, but offered no evidence of misconduct or external influence, the court denied his motion for new trial). The Court closely observed the jury when it polled them following the reading of their second set of verdict forms. The juror in question did not display any of her previous hesitation, and she raised her hand – affirmatively acknowledging that the verdict forms reflected her decision in this matter. Therefore, the Court rejects this argument as a basis for granting judgment notwithstanding the verdict or a new trial.

For all the reasons stated above, the Court denies Plaintiff's Motion for Judgment Notwithstanding the Verdict or New Trial [109].

SO ORDERED AND ADJUDGED on this, the 12th day of April, 2011.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE